THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NETLIST, INC.,

    Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC.,

    Defendant.

No. 2:22-mc-00108-RSL

**MONOLITHIC POWER SYSTEMS, INC.'S OPPOSITION TO NETLIST, INC.'S MOTION TO COMPEL TESTIMONY TO NON-PARTY DEPOSITION SUBPOENA AND MOTION TO TRANSFER VENUE**

NOTE ON MOTION CALENDAR:
January 6, 2023

ORAL HEARING REQUESTED

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 1
(No. 2:22-mc-00108-RSL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13

**Table of Contents**

Page

I. INTRODUCTION .................................................................................................... 1

II. BACKGROUND ...................................................................................................... 1

III. ARGUMENT ............................................................................................................ 2

    A. Transfer Away from Non-Party MPS's Home Is Inappropriate Because Netlist Has Not Shown "Exceptional Circumstances" Under Rule 45(f). .............. 2

        1. Netlist Fails to Show Exceptional Circumstances by Referring to Issuing Court's Familiarity and Self-Imposed Time Constraints. ............... 3

        2. MPS's Burden from Transfer to the Eastern District of Texas Where In-Person Hearings Are Common Outweighs Any Benefits. .......... 6

    B. Netlist's Motion Should Be Denied and the Deposition Subpoena Should be Quashed Because It Seeks Cumulative, Tangential Information in an Overly Burdensome Form, All Too Late. ............................................................... 7

        1. This Motion Is Too Late to Matter. ............................................................. 8

        2. Netlist Fails to Show More than the Most Scant Relevance. ...................... 9

        3. Preparing a 30(b)(6) Deponent on MPS's Circuit Details and Defending a 30(b)(6) Deposition Would Be Unduly Burdensome. ......... 11

IV. CONCLUSION ....................................................................................................... 12

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 2
(No. 2:22-mc-00108-RSL)

159815636.13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# Table of Authorities

Page(s)

CASES

*Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*,
  No. C 12-80192 EJD (PSG), 2012 WL 12898829, at *3 (N.D. Cal. Oct. 19, 2012) ................................................................................................................................12

*CMB Expert, LLC v. Atteberry*,
  No. 3:14–mc–51, 2014 WL 2197840 (N.D. Tex. May 27, 2014) ..........................................4

*Columbia Asset Recovery Grp., LLC v. Phoenix Processor Ltd. P'ship*,
  No. C13-2302RSL, 2014 WL 813796 (W.D. Wash. Mar. 3, 2014) ......................................10

*Deere & Co. v. XAPT Corp.*,
  No. C22-126-MLP, 2022 WL 522992 (W.D. Wash. Feb. 18, 2022) .....................................5

*Ford Glob. Techs., LLC v. New World Int'l, Inc.*,
  No. C15-1329JLR, 2015 WL 6507151 (W.D. Wash. Oct. 27, 2015)..................................5, 7

*In re Hume*,
  No. C15-1045RFBPAL, 2017 WL 4224421 (W.D. Wash. Sept. 22, 2017)............................5

*In re Insogna*,
  2020 WL 85487 (S.D. Cal. Jan. 3, 2020)................................................................................8

*In re Monolithic Power Sys., Inc.*,
  50 F.4th 157 (Fed. Cir. 2022) .................................................................................................6

*In re Subpoena of Amazon.com*,
  No. C18-3091WHA, 2020 WL 2410474 (W.D. Wash. May 12, 2020) .................................5

*In re Subpoena on Sorrento Therapeutics, Inc.*,
  No. 3:17-CV-2442-WQH-NLS, 2018 WL 788899 (S.D. Cal. Feb. 8, 2018) .........................6

*In re: Taasera Licensing
  LLC*, No. 2:22‒md‒03042‒JRG, Dkt. 73 (E.D. Tex. Dec. 23, 2022) ...................................6

*Isola USA Corp. v. Taiwan Union Tech. Corp.*,
  No. 12-CV-01361-SLG, 2015 WL 5934760 (D. Mass. June 18, 2015) .............................4, 6

*Modular Sec. Sys. Inc. v. www.Turnstiles.US Inc.*,
  No. CV-16-00455-PHX-DJH, 2019 WL 7049013 (D. Ariz. Sept. 5, 2019) .......................4, 9

*Music Grp. Macao Com. Offshore Ltd. v. Does*,
  82 F. Supp. 3d 979 (N.D. Cal. 2015) ..................................................................................3, 7

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 3
(No. 2:22-mc-00108-RSL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13

*Myhrvold v. Lodsys Grp., LLC*,
    No. C13-1173RAJ, 2013 WL 5488791 (W.D. Wash. Sept. 27, 2013)..........................7, 8, 11

*Nahum v. Boeing Co.*,
    No. 19-CV-01114-BJR, 2020 WL 4261337 (W.D. Wash. July 24, 2020)................................8

*Netlist Inc. v. Samsung Electronics Co., Ltd. et al*,
    No. 2:21-cv-00463, Dkt. 20 (E.D. Tex. Apr. 14, 2022)..........................................................6

*Preservation Techs. LLC v. MindGeek USA, Inc.*,
    2-17-CV-08906, 2020 WL 10965163 (C.D. Cal. Oct. 19, 2020) ..........................................12

*Realtime Data, LLC v. MetroPCS Tex.*,
    LLC, No. 12-cv-1048, 2012 WL 1905080 (S.D. Cal. May 25, 2012)...................................12

*Rollins v. Traylor Bros.*,
    No. C14-1414-JCC, 2017 WL 1756576 (W.D. Wash. May 5, 2017) ...............................8, 12

*US Plywood Integrity Coal. v. PFS Corp.*,
    No. 20-5042 BHS, 2021 WL 409968 (W.D. Wash. Feb. 5, 2021) ..........................................5

**OTHER AUTHORITIES**

9A Charles Allen Wright et al, Fed. Prac. & Proc. Civ. § 2451 (3d ed. 2022)...............................3

Federal Rule of Evidence 902(11) ..................................................................................................9

Rule 26............................................................................................................................................7

Rule 30(b)(6)...........................................................................................................................11, 12

Rule 45 ................................................................................................................................. passim

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 4
(No. 2:22-mc-00108-RSL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13

## I. INTRODUCTION

In moving to compel the deposition of non-party Monolithic Power Systems, Inc. ("MPS") for Netlist's patent litigation against Samsung in Texas, Netlist seeks to place far too much burden on a non-party for too little gain, and all too late in Netlist's lawsuit to matter. Netlist filed this motion so late that it cannot be resolved until at least three weeks after the December 22, 2022 close of fact discovery in the Texas case. Thus, even taking MPS's deposition at all would require a Texas-court-approved extension of fact discovery in that matter. Timing aside, this motion should be decided here in MPS's home, and Netlist's sole reliance on the issuing court's familiarity and "fast schedule" does not rise to the exceptional circumstances required for transfer under Rule 45(f), a burden that Netlist barely addresses.

On the merits, Netlist's showing of relevance falls woefully short. Its non-technical deposition topics are entirely irrelevant or pretextual, seeking burdensome and overbroad information on MPS's products and interactions with customers for its products, none of which are accused of infringement in—or parties to—the underlying litigation (other than Samsung from which Netlist can obtain discovery directly). And Netlist's technical topics are of only such tangential significance that they cannot justify requiring MPS, a non-party, to prepare a 30(b)(6) deponent to orally discuss minute details of microchip structure and function that are irrelevant to Netlist's case. These topics instead appear to be a pretext to obtain MPS's highly sensitive technical information despite MPS not being accused of infringement. MPS respectfully requests that the Court deny Netlist's motion and quash the deposition subpoena.

## II. BACKGROUND

Netlist brought the underlying patent-infringement lawsuit against Samsung in the Eastern District of Texas. (Ex. 2.) The Texas court initially set the case schedule in June 2022, with a fact-discovery cutoff and Netlist's expert report due December 12, 2022, (Ex. A, No. 2:21-cv-00463, Dkt. 34.), and it later extended that deadline to December 22, 2022, (Ex. 4). Netlist's infringement allegations against Samsung accuse Samsung's DDR memory and are based on

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 1
(No. 2:22-mc-00108-RSL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13

Samsung's compliance with JEDEC standards for DDR memory. (*See, e.g.,* Ex. 2 ¶ 57.)

Non-party MPS, one of four chip suppliers to defendant Samsung, (Ex. 7, at 19), is headquartered here in Kirkland, Washington. When Netlist asked MPS in June for evidence that MPS's chips supplied to Samsung complied with JEDEC standards, MPS provided it, in the form of confidential, pre-release datasheets. (Ex. 5, at 5; Ex. 15, at 8.) The datasheets include hundreds of pages of detailed technical specifications and block diagrams. *Id.*

Months later, in mid-October, Netlist sent the deposition subpoena at issue here, seeking a 30(b)(6) deposition on a range of topics, including the structure, function, and operation of MPS's chips. (Ex. 14.) MPS served formal objections to the deposition subpoena on November 7, 2022, whereby MPS refused to provide a witness on any of the noticed topics, although MPS agreed it would meet and confer further with Netlist to determine if any relevant and proportional discovery was warranted. (Ex. B.) MPS has since repeatedly explained how Netlists's non-technical topics like authenticity are improper and unnecessary, and how Netlist's technical topics are cumulative of what MPS has already provided. (Ex. 15, at 1-6, 8.) Specifically, when MPS served its formal objections on November 7, MPS also explained how the technical information sought by Netlist is already addressed in the JEDEC standard—to which both Netlist and Samsung are members (Ex. C)— as well as MPS's datasheets showing JEDEC compliance, rather than requiring anything further from MPS. (Ex. 15, at 7-8.)

Two more months later, on December 16, 2022— six days before the close of fact discovery and Netlist's expert report deadline in Netlist's case against Samsung—Netlist filed this motion to compel MPS to provide a 30(b)(6) deponent. (Netlist Motion.) Netlist also seeks to transfer this motion against non-party, Washington-based MPS, to Texas. (*Id.*)

**III.    ARGUMENT**

    **A.    Transfer Away from Non-Party MPS's Home Is Inappropriate Because Netlist Has Not Shown "Exceptional Circumstances" Under Rule 45(f).**

Netlist fails to show the "exceptional circumstances" required for transfer of this subpoena

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 2
(NO. 2:22-MC-00108-RSL)

159815636.13

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

motion regarding non-party MPS.  The issuing court's "familiarity" and "fast schedule," upon which Netlist solely relies, are far from exceptional.  With MPS and its undersigned counsel based here in the Seattle area, its burden from defending this motion in the Eastern District of Texas, where in-person hearings are common, is not insignificant, and is certainly not outweighed by any circumstances identified by Netlist.  Furthermore, Netlist's transfer request should be rejected as a procedural matter, because local rules explain that a motion "directed toward changing the forum," including by "transfer," is a "Fourth Friday" motion, Local Rules W.D. Wash. LCR 7(d)(3), yet Netlist noted this motion only three weeks out, on January 6, 2023, as a third-Friday motion.  Netlist's failure to comply with the local rules is reason alone to reject this part of its motion.

Under Rule 45(f), a subpoena-related motion may be transferred only if "the person subject to the subpoena consents or if the court finds exceptional circumstances."  "The 'exceptional circumstances' standard was selected to ensure that transfer was a rare event." 9A Charles Allen Wright et al, Fed. Prac. & Proc. Civ. § 2451 (3d ed. 2022).  The party seeking the subpoena bears the burden of showing that exceptional circumstances exist. Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013).  "'The prime concern' in deciding Rule 45(f) transfer motions 'should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.'" *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015) (quoting Advisory Comm. Notes (2013)).  MPS does ***not*** consent to transfer and, as shown below, Netlist failed to show exceptional circumstances, much less exceptional circumstances that outweigh the burden on Washington-based MPS for defending this motion in Texas.

       **1.**    **Netlist Fails to Show Exceptional Circumstances by Referring to Issuing Court's Familiarity and Self-Imposed Time Constraints.**

Netlist's only arguments for "exceptional circumstances" are stock references to the issuing Court's familiarity with the case and the case's "fast schedule," but more is required to be

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 3
(NO. 2:22-MC-00108-RSL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13

"exceptional" under Rule 45(f).

To begin, Netlist argues the Texas court has "gained familiarity" with the case by overseeing it for almost a year and conducting a *Markman* hearing, but if such familiarity was "exceptional," then the "exception would swallow the rule," *Isola USA Corp. v. Taiwan Union Tech. Corp.*, No. 12-CV-01361-SLG, 2015 WL 5934760, at *3 (D. Mass. June 18, 2015). Of course, Rule 45 subpoena-related motions "will always be resolved by a court less familiar with the underlying litigation," but that is understood and accepted—not "exceptional." *Id.*; *see also CMB Expert, LLC v. Atteberry*, No. 3:14–mc–51, 2014 WL 2197840, at *2 (N.D. Tex. May 27, 2014) ("[T]he fact that the issuing court undeniably had greater familiarity with the underlying action did not constitute an exceptional circumstance." (citation omitted)). MPS's arguments against the deposition subpoena set out below require no deep understanding of the Texas case and are well within the purview of this Court to decide by applying ordinary discovery principles. Accepting Netlist's argument that a year's familiarity is "exceptional" would "eviscerate the protection Rule 45 provides to local nonparties." *Isola*, 2015 WL 5934760, at *3.

Nor should the late stage of the case—which Netlist describes as a "fast schedule"—constitute an exceptional circumstance, given that it is entirely self-induced by Netlist. Netlist knew it wanted discovery from MPS since at least June. Yet Netlist filed this motion on December 16, 2022, six days before both the close of fact discovery and the date its expert report was due. (Ex. 4.) As explained above, under this Court's Local Rule LCR 7(d)(3), the motion (which includes this request to transfer) should not have been noted until January 13, 2023—nearly a month after its expert report. *Id.* And while Netlist might have requested an extension of fact discovery, or to take a deposition out of time as it did for other depositions in this case (*see* Ex. D, No. 2:21-cv-463, Dkt. 116), it has not done so. *Cf. Modular Sec. Sys. Inc. v. www.Turnstiles.US Inc.*, No. CV-16-00455-PHX-DJH, 2019 WL 7049013, at *1 (D. Ariz. Sept. 5, 2019) (quashing untimely subpoenas where party failed to seek extension.) Because taking MPS's deposition would now require an extension of fact discovery in Texas that has not been entered, Netlist's

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 4
(NO. 2:22-MC-00108-RSL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13

motion is thus already doomed to irrelevance purely as a matter of self-induced timing, and if this Court quashes the deposition subpoena as MPS requests, it will have no impact on the Texas Court's docket.

Notably, Netlist makes no argument about either of the circumstances expressly contemplated by Rule 45's advisory comments, which are present in all of the cases Netlist primarily relies on. Specifically, the two circumstances contemplated by the comments are when the issuing court "has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013). In each of the cases Netlist primarily relies on, a significant factor creating "exceptional" circumstances was the risk of inconsistent rulings based on the fact that the issuing court had already ruled on related issues (or had such decisions pending).[1] Netlist has not argued, much less shown, that any similar conflict issue is present here that would create "exceptional circumstances." The nearest it comes is noting that MPS is one of several suppliers to Samsung and arguing, "[h]aving Netlist's discovery disputes against Samsung's suppliers resolved in the same court can best serve the interests of efficiency and judicial economy." But this is purely hypothetical; Netlist has not shown that there are any such disputes with other suppliers that the Texas court has resolved or has pending for resolution. Where, as here, "there is little risk of inconsistent rulings" that might disrupt case management, courts in this district reject subpoena transfer motions. *E.g., Ford Glob. Techs., LLC v. New World Int'l, Inc.*, No. C15-1329JLR, 2015

---

[1] *See In re Subpoena of Amazon.com*, No. C18-3091WHA, 2020 WL 2410474, at *2 (W.D. Wash. May 12, 2020) ("[T]he federal district court in the Northern District of California has already reviewed the subpoena and provided its initial approval…. Because the federal district court has already ruled on issues related to the subpoena at issue 'exceptional circumstances' exist warranting transfer of this motion to the Northern District of California."); *US Plywood Integrity Coal. v. PFS Corp.*, No. 20-5042 BHS, 2021 WL 409968, at *3 (W.D. Wash. Feb. 5, 2021) ("[T]here is a risk of inconsistent rulings if the motions are not transferred. The Florida Court has ruled on the same legal arguments raised by the Non-Parties in its motion for protective order."); *Deere & Co. v. XAPT Corp.*, No. C22-126-MLP, 2022 WL 522992, at *1–2 (W.D. Wash. Feb. 18, 2022) ("[T]his Court would be at risk of issuing a conflicting discovery ruling on the Motion to Quash given the parties' pending requests…."); *In re Hume*, No. C15-1045RFBPAL, 2017 WL 4224421, at *2–3 (W.D. Wash. Sept. 22, 2017) ("Judge Leen specifically considered matters related to the subpoena issued to Mr. Hume at a three hour dispute resolution conference held in June of this year.").

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 5
(NO. 2:22-MC-00108-RSL)

159815636.13

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

WL 6507151, at *3 (W.D. Wash. Oct. 27, 2015).

### 2. MPS's Burden from Transfer to the Eastern District of Texas Where In-Person Hearings Are Common Outweighs Any Benefits.

Netlist unfairly diminishes the burden MPS will suffer from transfer, suggesting any "multinational corporation" is effectively immune to burden from transfer. But the burden on MPS from transfer is real. Both MPS and its undersigned counsel are here in the Seattle area. And contrary to Netlists's citation to a case about the Southern District of Texas, in-person hearings are the norm in Judge Gilstrap's court room in the Eastern District of Texas since he vacated his order regarding pandemic procedures in July 2021. (Ex. E); *e.g., In re: Taasera Licensing* LLC, No. 2:22−md−03042−JRG, Dkt. 73 (E.D. Tex. Dec. 23, 2022) (setting in-person hearing); *Netlist Inc. v. Samsung Electronics Co., Ltd. et al*, No. 2:21-cv-00463, Dkt. 20 (E.D. Tex. Apr. 14, 2022) (setting scheduling conference without telephonic options). While Netlist offers that the deposition itself could be remote, thus allegedly reducing burden, the form and location of the deposition have nothing to do with the burden of opposing a subpoena motion. Netlist's refrain that MPS is a "multinational corporation," suggesting it is immune to burden, is both factually and legally unfair. While MPS may have locations in more than one country, it has none in Texas, *e.g., In re Monolithic Power Sys., Inc.*, 50 F.4th 157, 158 (Fed. Cir. 2022) (noting MPS "does not own or lease any property in [the Western District of Texas]"). Moreover, "the fact that the party subject to subpoena is a large profitable company cannot mean exceptional circumstances without creating a type of 'Fortune 500' exception where any large and successful business would lose the protections of Rule 45." *Isola USA Corp.*, 2015 WL 5934760, at *4. And, regardless, any perceived reduction of burden on MPS based on corporate size does not create "exceptional circumstances" under Rule 45. *See In re Subpoena on Sorrento Therapeutics, Inc.*, No. 3:17-CV-2442-WQH-NLS, 2018 WL 788899, at *3 (S.D. Cal. Feb. 8, 2018) ("The lack of a burden imposed on the nonparty by transfer is not in itself an exceptional circumstance and is insufficient to warrant transfer." (quoting *Woods*, 303 F.R.D. at 407)).

MPS'S OPPOSITION TO MOTION TO COMPEL AND TRANSFER NON-PARTY DEPOSITION SUBPOENA – 6 (NO. 2:22-MC-00108-RSL)

159815636.13

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Because MPS does not consent to transfer and Netlist has not shown exceptional circumstances that would outweigh MPS's not-insignificant burden of defending this motion in Texas, transfer should be denied. *See Ford*, 2015 WL 6507151, at *3. Denying transfer would appropriately reflect the "prime concern" of Rule 45(f) transfer motions of "avoiding burdens on local nonparties subject to subpoenas." *Music Grp.*, 82 F. Supp. 3d at 984 (quoting Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013)).

**B.     Netlist's Motion Should Be Denied and the Deposition Subpoena Should be Quashed Because It Seeks Cumulative, Tangential Information in an Overly Burdensome Form, All Too Late.**

Netlist fails to show relevance that justifies the burden of requiring MPS—a non-party—to prepare a 30(b)(6) deponent to orally discuss circuit design and operation. As an initial (and gating) matter, Netlist's motion is too late to be used in the case. Regardless, Netlist shows only the most scant relevance of the deposition it seeks. Its non-technical topics are pretextual or irrelevant, and its technical topics about its standards-based claims have already been adequately addressed by the documents MPS provided. Further, Netlist fails to show the degree of MPS's relevance in light of the other three similarly situated suppliers. Any tangential relevance an MPS engineer could add to the standard itself upon which Netlist's claims are based does not outweigh the significant burden on non-party MPS of preparing a 30(b)(6) witness to orally address the nuances of microchip structure and function.

A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1). The general discovery limitations of Rule 26 apply to subpoenas to third parties, and a court can quash or modify a subpoena that falls outside the permissible scope of discovery. *Myhrvold v. Lodsys Grp., LLC*, No. C13-1173RAJ, 2013 WL 5488791, at *2 (W.D. Wash. Sept. 27, 2013). A court may also quash or modify a subpoena that "subjects a person to undue burden," Fed. R. Civ. P. 45(d)(3)(A)(iv), and the party opposing the subpoena bears the burden to show that it is unduly burdensome. *Myhrvold*, 2013 WL 5488791, at *2. A party moving to compel discovery bears the

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 7
(NO. 2:22-MC-00108-RSL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13

burden of showing relevance. *Nahum v. Boeing Co.*, No. 19-CV-01114-BJR, 2020 WL 4261337, at *2 (W.D. Wash. July 24, 2020). "The apparent relevance of the information a subpoena seeks informs the extent to which its burden is undue, and the court must balance relevance, the requesting party's need for the information, and the hardship to the subpoena's target." *Myhrvold*, 2013 WL 5488791, at *2. In the Ninth Circuit, "discovery against a nonparty is more limited than the liberal discovery against parties." *Rollins v. Traylor Bros.*, No. C14-1414-JCC, 2017 WL 1756576, at *1 (W.D. Wash. May 5, 2017) (citations omitted); *In re Insogna*, 2020 WL 85487, at *2 (S.D. Cal. Jan. 3, 2020) ("The Ninth Circuit has a long-standing policy of affording extra protection to non-parties subject to discovery requests.") (citations omitted). A court's decision on a motion to quash or compel compliance is a matter of discretion. *Myhrvold*, 2013 WL 5488791, at *2. For the reasons set out below, Netlist's motion should be denied and the deposition subpoena should be quashed.

### 1. This Motion Is Too Late to Matter.

As discussed above, this motion is too late to be useful in the case, and should be quashed for that reason alone. Fact discovery closed on December 22, 2022, and Netlist's expert report was due that same day. (Ex. 4.) Yet this motion was noted for more than two weeks later, on January 6, 2022 (and it should have been noted for January 13, 2022 under this Court's rules, discussed above). Netlist's primary theory as to why it needs this deposition regards technical information allegedly supporting its infringement theories, yet it has not sought an extension on general discovery, for its expert report, or for this requested deposition. This is so even though Netlist has had Samsung's list of suppliers, including MPS, since at least Samsung's initial disclosures served on June 8, 2022. (Ex. 7.) And Netlist cannot claim to have been caught unaware by Judge Gilstrap's "fast schedule," which is well known by patent litigators and, regardless, was expressly set out in the docket on June 7, 2022 in the court's Docket Control Order, (Ex. A, No. 2:21-cv-00463, Dkt. 34.). Even if MPS's deposition was to be taken now, it would require an extension to fact discovery in the Texas matter that has not been requested by Netlist, never mind

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 8
(NO. 2:22-MC-00108-RSL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13

1  entered by the Texas court. Netlist thus filed this motion too late to be useful in the case, and the
2  motion should be denied for that reason alone. Cf. Modular Sec. Sys., 2019 WL 7049013, at
3  *1(quashing untimely subpoenas where party failed to seek extension.).

### 2. Netlist Fails to Show More than the Most Scant Relevance.

#### a. Authenticity Is Unnecessary and Pretextual Here.

Netlist purports to need a deposition for authentication of documents provided by MPS and of MPS documents produced by Samsung, *e.g.* (Ex. 14, at 6 (topics 1 and 2)), yet this supposed basis appears to be purely pretextual because Netlist has failed to pursue easier avenues to authentication presented by MPS. MPS has repeatedly offered to provide a declaration certifying authenticity of the documents at issue under Federal Rule of Evidence 902(11), and MPS has repeatedly asked Netlist whether it has sought Samsung's position on stipulating that such a certification is adequate. (Ex. 15, at 8 (Nov. 7 email), 4-5 (Dec. 6 email); Ex. B, at 7-8 (MPS responses to topics 1 and 2)). Parties regularly stipulate to admissibility of non-controversial documents, and Samsung surely has no interest in paying attorneys to sit through a deposition just to ask an MPS witness whether each MPS document is what it says it is. Instead, Samsung could, and likely would, just stipulate to those documents' admissibility. But Netlist has yet to provide any answer to MPS's questions about Samsung's position on stipulating to admissibility. (*See* Ex. 15.) This is likely because Netlist has deliberately avoided asking Samsung to stipulate, so that it can continue using authenticity as a pretext to seek MPS's deposition. So, whatever Netlist's actual goals for this deposition are, they must not include authenticating documents which could be resolved far more easily without MPS's deposition.

#### b. Regarding Non-Technical Information, the Subpoena Is Overbroad and Seeks Information that Is Either Irrelevant or Available from Defendant Samsung.

Netlists's topics about pricing, competitive advantages, and demand for MPS's products (topics 8, 10, 12, 14) are either irrelevant or should be sought from defendant Samsung itself rather than non-party MPS. To the extent these questions are not about MPS's business **with Samsung**,

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 9
(NO. 2:22-MC-00108-RSL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13

they are irrelevant and the subpoena is overbroad. MPS is not accused in this matter, and neither are its products. Customers for MPS products besides Samsung are neither parties nor accused of infringement, and Netlist's pursuit of such discovery is improper and not designed to obtain information relevant to Samsung's claims, but rather appears to be for harassment purposes. On the other hand, to the extent these questions *are* about MPS's business with Samsung, then Netlist should get the information directly from Samsung instead of burdening non-party MPS with it. *Columbia Asset Recovery Grp., LLC v. Phoenix Processor Ltd. P'ship*, No. C13-2302RSL, 2014 WL 813796, at *3 n.4 (W.D. Wash. Mar. 3, 2014) ("When information is held by both a party and a non-party, there is generally no reason to foist the burden of production onto the non-party.") (citation omitted). For example, Samsung necessarily knows what prices it is paying for the MPS components in the accused Samsung products. *See id.*

### c. Regarding Technical Information, the Information Sought Is Cumulative and Unnecessary.

Any assessment of the technical information Netlist seeks must start with the crucial context that MPS is only one of four suppliers of an off-the-shelf JEDEC standard-complaint component to defendant Samsung. (Ex. 7.) Samsung's initial disclosures show that Texas Instruments, Montage Technology, and Renesas Electronics provide the same type of JEDEC standard-compliant components to Samsung. *Id.* And despite bearing the burden to show relevance, Netlist fails to offer any evidence of what proportion of Samsung's supply MPS components represent, which is necessary to inform this Court's proportionality assessment.

For whatever limited portion of Samsung's total supply MPS components represent, Netlist has what technical information it needs from the documents MPS has already provided, as MPS has repeatedly explained. Netlist's accusations against Samsung, including for the claims Netlist highlights in its motion (claim 5 of the '918 patent and claim 1b of the '054 patent), are **based on compliance with JEDEC standards**. (*See* Ex. 3, at 15-21, 25-27 (citing JEDEC standards for '918 patent claim 5 and '054 patent claim 1b)). So it was reasonable for Netlist to seek evidence that
MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 10
(NO. 2:22-MC-00108-RSL)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13

1  MPS's products do, indeed, comply with the relevant JEDEC standards, and **MPS provided that**.
2  (Ex. 15, at 8.)  MPS provided non-public preliminary datasheets, constituting hundreds of pages,
3  showing that the MPS products comply with the JEDEC standard. (*Id.*)  As far as the specific
4  questions Netlist purports to need the deposition for, MPS has explained several times in increasing
5  detail where the answers to those questions are provided in the JEDEC specification.  (*Id.* at 8
6  (Nov. 7 email), 1-3 (Dec. 12, email)).  If Netlist has further need for information about the JEDEC
7  standard, it can get that information from itself or Samsung (both members of the JEDEC standards
8  group) (Ex. C) or JEDEC itself, but either way, non-party MPS is not the proper deponent.

9   In short, the technical information Netlist seeks is in the documents it already has from
10 MPS and from JEDEC, and any additional gloss it seeks to make MPS engineers explain is
11 apparently just a convenient excuse for Netlist to get extremely sensitive technical information
12 from MPS that simply is not relevant or necessary to Netlist's case.

### 3. Preparing a 30(b)(6) Deponent on MPS's Circuit Details and Defending a 30(b)(6) Deposition Would Be Unduly Burdensome.

15  Requiring non-party MPS to prepare a corporate witness to orally discuss a broad range of
16 technical details about the "structure, function, and operation" (Ex. 14, at 7 (topic 3)) of MPS chips
17 is too burdensome to be justified here by any tangential scraps of relevance that Netlist cannot get
18 from other sources.

19  "Every deposition carries some burden, and if that burden is justified only by the quest for
20 information of little to no relevance, that burden is undue." *Myhrvold*, 2013 WL 5488791, at *3.
21 Engineering witnesses must expend energy and time preparing for a deposition (rather than
22 engineering), the company must pay attorneys to prepare them, and then all involved have to sit
23 for the hours of the deposition.

24  And the deposition requested here—a Rule 30(b)(6) deposition on the structure, function,
25 and operation of complex microchips—stretches past burdensome to overwhelming.  A Rule
26 30(b)(6) deposition requires MPS not just to put up its most knowledgeable or articulate engineer

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 11
(NO. 2:22-MC-00108-RSL)

159815636.13

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

that works on the chips, but to prepare some corporate witness (or multiple witnesses) to orally discuss the full scope of the structure, function, and operation of MPS's chips. *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. C 12-80192 EJD (PSG), 2012 WL 12898829, at *3 (N.D. Cal. Oct. 19, 2012) (refusing to subject non-party Google "to the additional burden of not only the Rule 30(b)(6) deposition itself but, perhaps more importantly, all the necessary preparation to meet the Rule 30(b)(6)'s significant demands."). Given that difficulty, courts quash subpoenas to non-parties for 30(b)(6) depositions[2] where documents already produced convey the information more effectively and efficiently. *E.g., id.* By Netlist's own admission, the technical information it seeks would require a deponent to memorize countless lines of highly sensitive code (Mot. at 12), which courts have found to be an undue burden because "Rule 30(b)(6) is not designed to be a memory contest." *Preservation Techs. LLC v. MindGeek USA, Inc.*, 2-17-CV-08906, 2020 WL 10965163, at *2 (C.D. Cal. Oct. 19, 2020) (denying motion to compel *a party* on deposition topics requiring memorization of source code including "each file, folder, and module's role within the enormous code" and "the macro changes to general system architecture, the micro changes to individual lines of code, and everything in between").

Given the documents already provided Netlist sufficiently support its standards-based infringement claims against Samsung, any additional gloss to be gleaned from an MPS engineer cannot justify the burden of making non-party MPS preparse someone to speak about the details of chip design and function. *See Rollins*, 2017 WL 1756576, at *1 (Ninth Circuit courts limit discovery on third parties more than party discovery).

### IV. CONCLUSION

For the reasons above, non-party MPS requests that the Court deny Netlist's motion for transfer to Texas, deny Netlist's motion to compel compliance with the deposition subpoena, and quash the 30(b)(6) deposition subpoena.

---

[2] Contrary to Netlists's suggestion, the court in *Realtime Data, LLC v. MetroPCS Tex.*, LLC, No. 12-cv-1048, 2012 WL 1905080, *3 (S.D. Cal. May 25, 2012), did *not* order a third party to provide an engineer to be deposed (the third party offered to provide an engineer as an alternative to producing source code).

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 12
(NO. 2:22-MC-00108-RSL)

159815636.13

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | | |
|---|---|---|
| Dated: January 3, 2023 | By: | s/ Heath L. Hyatt |

                Heath L. Hyatt, Bar No. 54141
                **Perkins Coie LLP**
                1201 Third Avenue, Suite 4900
                Seattle, Washington 98101-3099
                Telephone: +1.206.359.8000
                Facsimile: +1.206.359.9000
                HHyatt@perkinscoie.com

                John P. Schnurer, (*pro hac vice* to be filed)
                John D. Esterhay, (*pro hac vice* to be filed)
                **Perkins Coie LLP**
                11452 El Camino Real, Ste 300
                San Diego, California 92130-2080
                Telephone: +1.858.720.5700
                Facsimile: +1.858.720.5799
                JSchnurer@perkinscoie.com
                JEsterhay@perkinscoie.com

MPS'S OPPOSITION TO MOTION TO COMPEL AND
TRANSFER NON-PARTY DEPOSITION SUBPOENA – 13
(NO. 2:22-MC-00108-RSL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159815636.13